# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ELBA M. LOPEZ,
     Plaintiff,

     v.

"DIRECTOR" OF THE INTERNAL
REVENUE SERVICE'S (IRS) OGDEN
UTAH OFFICE; DAVID SMITH, IRS FIELD
OFFICE SUPERVISOR NORWALK
CONNECTICUT; SARAH DAVIDSON, IRS
REVENUE OFFICER AT NORWALK
CONNECTICUT FIELD OFFICE; BANK OF
AMERICA; ANA GARCIA, RELATIONS
MANAGER BANK OF AMERICA; DEBBIE
GILETTE, CITIBANK FRAUD
DEPARTMENT; CITIBANK, INC.;
KRISTEN HENRION, TD BANK
INVESTIGATOR; KRISTEN
BERTICUCELLI, TD BANK
INVESTIGATOR; BHARETT MIZRANI,
PRESIDENT/CEO OF TD BANK; and
"JOHN AND JANE DOES" 1-100, et al.
     Defendants.

No. 16-cv-600 (VAB)

## ORDER ON MOTIONS TO DISMISS, MOTIONS FOR PRELIMINARY INJUNCTION AND FOR ORDERS TO SHOW CAUSE, AND MOTIONS TO STRIKE

Plaintiff, Elba M. Lopez[1], brings this action against Defendants, (1) the Director of the

Internal Revenue Service's ("IRS") Ogden Utah Office; (2) David Smith, IRS Field Officer

Supervisor in Norwalk Connecticut; (3) Sarah Davidson, IRS Revenue Officer at the Norwalk

---

[1] When this case was first filed, there were two other Plaintiffs, Jawan Bey and the Nation of the Ancient One, International ("Nation"). Mr. Bey moved to withdraw from the complaint, ECF No. 42, which the Court construed as a motion for voluntary dismissal under Federal Rule of Civil Procedure Rule 41(a)(2) and granted, ECF No. 55. All Plaintiffs were initially *pro se*, but Ms. Lopez and Nation were represented by Counsel as of July 31, 2016. ECF No. 39; ECF No. 40. Nation then moved for voluntary dismissal under Rule 41(a)(2) as to the Bank of America Defendants, ECF No. 48, and filed a notice of voluntary dismissal under Rule 41(a)(1) as to all other Defendants, who had yet to file an answer to the complaint, ECF No. 47; ECF No. 52. The Court granted Nation's motion for voluntary dismissal. ECF No. 55. Thus, Ms. Lopez is the only Plaintiff remaining in this case.

Connecticut Field Office (collectively, the "IRS Defendants"); (4) Bank of America; (5) Ana

Garcia, Relations Manager Bank of America (collectively, the "Bank of America Defendants");

(6) Debbie Gilette, Citibank Fraud Department; (7) Citibank, Inc. (collectively, the "Citibank

Defendants"); (8) Kristen Henrion, TD Bank Investigator; (9) Kristen Berticucelli, TD Bank

Investigator, (10) Bharett Mizrani, President/CEO of TD Bank (collectively, the "TD Bank

Defendants"); and (11) John and Jane Does 1-100.  Second Amend. Compl., ECF No. 9.

Pending before this Court are several motions.  Ms. Lopez has filed two motions for a

preliminary injunction and an order to show cause, each requesting the same relief, to enjoin the

IRS Defendants from restricting her access to bank accounts at Bank of America and TD Bank

and to enjoin the IRS Defendants from further collection activity.  ECF No. 8; ECF No. 10.  The

IRS Defendants have filed a motion to dismiss for lack of jurisdiction and failure to state a claim.

ECF No. 18.  The Bank of America Defendants have filed a motion to strike Ms. Lopez's jury

demand under the terms of the contract between Bank of America and Ms. Lopez.  ECF No. 27.

Ms. Lopez filed a motion to strike the IRS Defendants' motion to dismiss and an opposition to

the Bank of America Defendants' motion to strike.  ECF No. 32.  The Citibank Defendants have

filed a motion to dismiss for failure to state a claim.  ECF No. 37.  The TD Bank Defendants

have also filed a motion to dismiss for failure to state a claim.  ECF No. 44.

For the reasons that follow, the IRS Defendants' motion to dismiss, ECF NO. 18, is

**GRANTED**; the Citibank Defendants' motion to dismiss, ECF No. 37, is **GRANTED**; and the

TD Bank Defendants' motion to dismiss, ECF No. 44, is **GRANTED**.  Ms. Lopez's motion to

strike the IRS Defendants' motion to dismiss, ECF No. 32, is **DENIED**.  The Court dismisses

Ms. Lopez's Second Amended Complaint *sua sponte* as to all remaining Defendants because it

brings frivolous claims.  All claims are dismissed with prejudice.  Ms. Lopez's motions for a

preliminary injunction and an order to show cause, ECF No. 8; ECF No. 10, are, therefore,

**DENIED** as moot and the Bank of America Defendants' motion to strike Ms. Lopez's jury

demand is also **DENIED** as moot.

The Court notes that Ms. Lopez, who commenced this action *pro se*, but is now

represented by counsel, previously filed a motion to amend the complaint.  ECF No. 50.  On

October 31, 2016, the Court denied this motion without prejudice because Ms. Lopez failed to

attach a copy of the proposed amended complaint, modifying the order on November 10, 2016 to

give Ms. Lopez until December 2, 2016 to file a renewed motion with a copy of the proposed

amended complaint.  ECF No. 57.  Ms. Lopez failed to do so, and the Court issued an additional

order on December 6, 2016, ordering that Ms. Lopez file the renewed motion with a copy of the

proposed amended complaint by January 6, 2017, or the Court would decide the pending motions

to dismiss based on the filings properly before it.  ECF No. 59.  Ms. Lopez again failed to file a

renewed motion to amend the complaint, and the Court now considers the pending motions to

dismiss.

## I.     FACTUAL ALLEGATIONS

Plaintiff, Ms. Lopez, alleges that she is a health care worker, aged 81, who resides in

Connecticut.  Second Amend. Compl. ¶ 17.  Ms. Lopez alleges that, on or about August 5, 2015,

she filed a 2014 tax return to the IRS reporting her income for the 2014 tax year, that was,

allegedly to the best of her knowledge and understanding in good faith, compliant with the

provisions of the United States tax laws.  *Id.* ¶ 33.  On or around September 18, 2015, the IRS

Refund Issuers Field Office in Kansas City, Missouri allegedly conducted an extensive review of

Ms. Lopez's tax return.  *Id.* ¶ 34.  On or around October of 2015, Ms. Lopez allegedly received her tax refund after the review of her tax return was completed.[2]  *Id.*

A.   **IRS Investigation**

On or around April 11, 2016, Ms. Lopez alleges that the Director of the IRS Field Office in Ogden, Utah (the "Director") sent her an unsigned letter, a Notice of Tax Due on Federal Tax Return ("Notice"), containing an assessment requesting that she repay the full amount of the tax refund she had received in October 2015, in addition to a 20% tax penalty.  Second Amend. Compl. ¶ 35.  Specifically, the Notice stated that Ms. Lopez owed $356,613.00 in tax as well as an additional $71,322.60, representing the 20% tax penalty.  Notice, Second Amend. Compl. Ex. A, ECF No. 9.

On or around April 12, 2016, Ms. Lopez alleges that Ms. Davidson came to Ms. Lopez's home in Connecticut, allegedly to "interrogate" Ms. Lopez as part of a "Criminal Fraud Investigation," which Ms. Lopez claims she was not previously aware of.  Second Amend. Compl. ¶ 36.  Ms. Lopez alleges that she was not at home when Ms. Davidson allegedly came to her home on April 12, 2016, and that Ms. Davidson therefore knocked on her neighbor, Jawan Bey's, door and informed him about this "Criminal Fraud Investigation."[3]  *Id.* ¶ 37.  Ms. Davidson also allegedly spoke to Ms. Lopez's other neighbors about her investigation, as well as to Ms. Lopez's mailman.  *Id.* ¶ 40.  Ms. Davidson allegedly left another copy of the tax assessment Notice with Mr. Bey, for him to give to Ms. Lopez.  *Id.* ¶ 41-42.

---

[2] The tax refund check that Ms. Lopez received was for the amount of $355,658.48, which she deposited into her Bank of America account on or around October 8, 2015.  *See* Harutyunyan Aff. ¶ 7, ECF No. 29.
[3] The Second Amended Complaint contains additional allegations regarding Ms. Davidson's alleged conversation with Mr. Bey, which are omitted here because Mr. Bey is no longer a Plaintiff in this case.

### B.    Bank Defendants

On or around April 13, 2016, Ms. Lopez alleges that Ms. Garcia from Bank of America informed Ms. Lopez that her Bank of America account was frozen and that Ms. Lopez would no longer be able to access the money in that account.  Second Amend. Compl. ¶ 43.  On or around April 15, 2016, Ms. Lopez alleges that Bank of America sent an unsigned letter that detailed why it was freezing her account and informing Ms. Lopez that Bank of America would report the freezing of her account to various reporting agencies, including ChexSystems, Inc. and Early Warning Services, LLC, and that this reporting would affect her ability to open accounts at other financial institutions for up to seven years.  *Id.* ¶ 44.

On or around May 2, 2016, Ms. Lopez alleges that various IRS Defendants incited Ms. Gillete of Citibank to send a notification to TD Bank's fraud investigators, Ms. Henrion and Ms. Bertucelli, to seize the bank account of Nation of the Ancient One, International, formerly a plaintiff in this case.  Second Amend. Compl. ¶ 45.

## II.    STANDARD OF REVIEW

A motion to dismiss for failure to state a claim under Rule 12(b)(6) is designed "merely to assess the legal feasibility of a complaint, not to assay the weight of evidence which might be offered in support thereof."  *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 158 (2d Cir. 2003) (internal citations omitted).  When deciding a Rule 12(b)(6) motion to dismiss, a court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and decide whether it is plausible that the plaintiff has a valid claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007).

A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although "detailed factual allegations" are not required, a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555-57. Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claims] is improbable, and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

Where, however, a defendant's motion to dismiss raises a "factual attack for lack of subject matter jurisdiction," the Court "must determine whether the factual predicate for subject matter exists." *Russo v. City of Hartford*, 184 F. Supp. 2d 169, 178 (D. Conn. 2002). In making this determination "there is no presumptive truthfulness to the facts alleged in the complaint, and the court may consider evidentiary matter presented in an affidavit or otherwise in addition to the complaint." *Id.* (citing *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986) ("However, when, as here, subject matter jurisdiction is challenged under Rule 12(b)(1), evidentiary matter may be presented by affidavit or otherwise.")).

The Second Circuit has held that "district courts may dismiss a frivolous complaint *sua sponte*," just as "as the Court of Appeals may dismiss frivolous matters in like circumstances."[4] *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (per curiam) (affirming district court's *sua sponte* dismissal of case where plaintiff did not move to proceed *in forma pauperis* such that 28 U.S.C. § 1915(d) was inapplicable and plaintiff had brought two prior identical actions that were also dismissed *sua sponte* as frivolous). A complaint is frivolous when it is "based on an indisputably meritless legal theory" or presents "factual contentions [which] are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Additionally, because Ms. Lopez filed her Second Amended Complaint, motions, and oppositions while *pro se*, the Court must construe her filings "liberally" and interpret them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (explaining that pro se litigants should be afforded "special solicitude" because they are not represented by counsel). Despite the special solicitude that the Court must show Ms. Lopez out of consideration for her *pro se* status, her complaint must still "include sufficient factual allegations to meet the standard of facial plausibility" to survive a motion to dismiss under Rule 12(b)(6). *Sentementes v. Gen. Elec. Co.*, No. 3:14-CV-00131 (VLB), 2014 WL 2881441, at *2 (D. Conn. June 25, 2014) (discussing case with *pro se* plaintiff).

## III.   DISCUSSION

Ms. Lopez's Second Amended Complaint, the operative complaint in this case, brings the following claims: (a) Count One brings a claim against all Defendants for alleged "deprivation of rights under color of law" and "federally protected activities" under 42 U.S.C. § 1983 ("Section

---

[4] A district court also "has the power to dismiss a complaint *sua sponte* for failure to state a claim on which relief can be granted," but only after "giving the plaintiff an opportunity to be heard." *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991).

1983") and 18 U.S.C. § 245(b)(4)(B)(5) ("Section 245"); (b) Count Two brings a claim against all Defendants for alleged "refusal or neglect to prevent plaintiffs deprivation of rights" under 42 U.S.C. § 1986 ("Section 1986"); (c) Count Three brings claims for alleged "slander, defamation of character, and invasion of privacy" against all Defendants; (d) Count Four brings claims for alleged "abuse of process & malice" against all Defendants; (e) Count Five brings claims for alleged "intentional infliction of emotional distress and mental anguish." Second Amend. Compl. ¶¶ 47-77. Ms. Lopez also brings what the Court construes as Count Six, a "declaratory relief claim" under 28 U.S.C. § 2201, 28 U.S.C. § 2202, and Fed. R. Civ. P. 57 and what the Court construes as Count Seven, an "injunctive relief claim" under Fed. R. Civ. P. 65 to prevent the IRS Defendants from taking steps allegedly leading to Ms. Lopez's bank accounts being frozen, in addition to seeking monetary damages. *Id.* ¶¶ 78-90.

The IRS Defendants move primarily for dismissal for lack of subject matter jurisdiction under Rule 12(b)(1). *See* IRS Br. at 4-9; Fed. R. Civ. P. 12(b)(1). The IRS Defendants argue that the Court has no subject matter jurisdiction over Ms. Lopez's claims because the United States has not waived sovereign immunity as to any of Ms. Lopez's claims. *See* IRS Br. at 4-5.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Binder & Binder, P.C. v. Colvin*, 818 F.3d 66, 70 (2d Cir. 2016) (quoting *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994)); *see also United States v. Sherwood*, 312 U.S. 584, 586 (1941) ("The United States, as sovereign, is immune from suit save as it consents to be sued."). Waivers of sovereign immunity must be "unequivocally expressed" and are generally "construed strictly in favor of the sovereign." *United States v. Nordic Vill. Inc.*, 503 U.S. 30, 33-34 (1992); *see also Binder & Binder*, 818 F.3d at 70 ("Moreover, waivers of sovereign immunity must be unequivocally expressed in statutory text, and cannot simply be implied." (internal quotation

marks omitted)).  A plaintiff "bears the burden of establishing that her claims fall within an applicable waiver" of sovereign immunity.  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

The Citibank Defendants, TD Bank Defendants, and Bank of America Defendants (collectively, the "Bank Defendants") do not argue for dismissal for lack of subject matter jurisdiction. Instead, the Citibank Defendants, ECF No. 37, and the TD Bank Defendants, ECF No. 44, move to dismiss this case for failure to state a claim under Rule 12(b)(6).  The Bank of America Defendants have filed a motion to strike Ms. Lopez's jury trial demand, ECF No. 27, and an answer, ECF No. 31, but have not filed a motion to dismiss.  Nonetheless, the Court "may dismiss a frivolous complaint *sua sponte*,"  *Fitzgerald*, 221 F.3d at 364.  A complaint is frivolous if it is "based on an indisputably meritless legal theory."  *Neitzke*, 490 U.S. at 327.

The Court will discuss the Second Amended Complaint and the grounds for dismissal as to the various Defendants below.  As the Court will explain, the Citibank Defendants and TD Bank Defendants' motions to dismiss show that none of Ms. Lopez's allegations are sufficient to state a claim against any of the Bank Defendants under Section 1983, Section 245, or Section 1986.  Thus, the Second Amended Complaint is based on "indisputably meritless legal theor[ies]" because it cannot survive a motion to dismiss for failure to state a claim.  *Neitzke*, 490 U.S. at 327.  The Court will also decline to exercise supplemental jurisdiction over the remaining state law claims.  Thus, it is appropriate for the Court to dismiss the complaint *sua sponte* as a frivolous complaint as to the Bank of America defendants.

### A.    Failure to Properly Serve IRS Defendants

The IRS Defendants' move, in part, to dismiss the Second Amended Complaint under Rule 12(b)(2), for lack of personal jurisdiction.  ECF No. 18.  The IRS Defendants note that Ms.

Lopez never properly served the IRS Defendants because Ms. Lopez mailed the complaint to the IRS offices in Ogden, Utah and Norwalk, Connecticut rather than delivering a copy of the summons and complaint to the United States Attorney for the District of Connecticut or sending a copy of the summons and complaint to the United States Attorney for the District of Connecticut and the Attorney General of the United States by certified or registered mail.  *See* IRS Br. at 3, ECF No. 18-1; *see also* Fed. R. Civ. P. 4(i) (explaining how to properly serve the United States).

Because, as the IRS Defendants argue and as explained below, the Court has no subject matter jurisdiction over this action as to the IRS Defendants, the Court need not reach the issue of whether it has personal jurisdiction over the IRS Defendants due to Ms. Lopez's failure to properly serve them.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999) ("Customarily, a federal court first resolves doubts about its jurisdiction over the subject matter, but there are circumstances in which a district court appropriately accords priority to a personal jurisdiction inquiry."); *Cantor Fitzgerald, L.P, v. Peaslee*, 88 F.3d 152, 155 (2d Cir. 1996) ("Customarily, a federal court first resolves any doubts about its jurisdiction over the subject matter of a case before reaching the merits or otherwise disposing of the case.").

### B.   Federal Causes of Action

#### 1.   Count One

Count One of Ms. Lopez's Second Amended Complaint alleges that the IRS Defendants invaded the privacy of Ms. Lopez's neighbor's home and slandered Ms. Lopez's name to her neighbors and her bank, in alleged violation of Section 1983 and Section 245.  Second Amend Compl. ¶¶ 47-50.

### a.    IRS Defendants

Section 1983 provides a remedy only for state actors' deprivations of federal law or constitutional rights, and it does not apply to the actions of the federal government or its agents. *See United States v. Acosta*, 502 F.3d 54, 60 (2d Cir. 2007) ("Section 1983, of course, does not apply to allegedly unlawful acts of federal officers."). Thus, because Section 1983 cannot apply to any alleged actions by IRS employees, who are agents of the federal government, there is no "unequivocally expressed" waiver of sovereign immunity allowing Ms. Lopez to bring suits against the IRS Defendants under Section 1983, and the Court has no subject matter jurisdiction over such claims. *See Binder & Binder*, 818 F.3d at 70; *see also Yalkut v. Gemignani*, 873 F.2d 31, 35 (2d Cir. 1989) ("Section 1983 however, applies only to actions taken under the color of state law that violate constitutional or federal statutory rights. [Plaintiff] makes no allegation of state action, nor can he, because defendants' actions were purely federal in nature.") (discussing suit against IRS agents for tax assessment and IRS agents' attempt to collect tax debt).

Ms. Lopez also brings Count One under 18 U.S.C. § 245(b)(4)(B)(5). The Court first notes that this provision of the statute does not exist. In any event, 18 U.S.C. § 245 is a "federal criminal statute" that "permits federal prosecution for interference with a list of federally protected activities," and "confers neither substantive rights nor a private right of action for damages." *John's Insulation, Inc. v. Siska Const. Co.*, 774 F. Supp. 156, 163 (S.D.N.Y. 1991). Thus, there can be no "unequivocally expressed" waiver of sovereign immunity allowing Ms. Lopez to bring suits against the IRS Defendants under 18 U.S.C. § 245, and the Court has no subject matter jurisdiction over such claims. *See Binder & Binder*, 818 F.3d at 70.

### b.    Bank Defendants

### i.    Section 1983

To state a claim under Section 1983, a plaintiff "must allege that [s]he was injured by either a state actor or a private party acting under color of state law." *Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002); *see also Rendell-Baker v. Kohn*, 457 U.S. 830, 838, (1982) ("If the action of the [defendant] is not state action, our inquiry ends."). "Ostensibly private conduct can be fairly attributed to the state only if there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Rzayeva v. United States*, 492 F. Supp. 2d 60, 80 (D. Conn. 2007) (internal quotation marks omitted) (citing *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)).

None of Ms. Lopez's allegations involve state actors because the only governmental actors that she mentions in her complaint are the IRS Defendants, who are affiliated with a federal agency.  Thus, she cannot state a claim under Section 1983 claim against the Bank Defendants.  *See Acosta*, 502 F.3d at 60 ("Section 1983, of course, does not apply to allegedly unlawful acts of federal officers.").  Because there is no state actor involved in any of the allegations, there cannot be "such a close nexus between the State and the challenged action" that the "private behavior" of the bank Defendants can be treated as state action capable of supporting a Section 1983 claim.  *Rzayeva*, 492 F. Supp. 2d at 80.  Thus, there can be no Section 1983 claim against the Bank Defendants in this case.

### ii.    Section 245

Ms. Lopez also brings Count One under 18 U.S.C. § 245(b)(4)(B)(5).  Again, the Court notes that this provision of the statute does not exist.  Regardless, 18 U.S.C. § 245 is a "federal

criminal statute" that "permits federal prosecution for interference with a list of federally protected activities," and "confers neither substantive rights nor a private right of action for damages." *John's Insulation*, 774 F. Supp. at 163. Thus, Ms. Lopez cannot state a claim under 18 U.S.C. § 245 against the Citibank Defendants or any of the other bank Defendants in this case.

### 2. Count Two

Count Two of Ms. Lopez's Second Amended Complaint alleges that the Defendants' actions led to the violation of her rights to due process and equal protection and that none of the Defendants allegedly intervened to prevent these alleged violations of her rights, in alleged violation of 42 U.S.C. § 1986. Second Amend Compl. ¶¶ 56-64.

### a. IRS Defendants

"Section 1986 of Title 42 provides a remedy for persons injured by the failure of those having authority to act to prevent the wrongs specified in Section 1985." *Powell v. Kopman*, 511 F. Supp. 700, 704 (S.D.N.Y. 1981). Thus, a plaintiff that wishes to state a claim under Section 1986 must first state a claim under 42 U.S.C. § 1985 ("Section 1985"). *See id.* "The U.S. government has not waived its sovereign immunity for claims under Sections 1981 to 1986 of Title 42." *Jones v. Nat'l Commc'n & Surveillance Networks*, 409 F. Supp. 2d 456, 466 (S.D.N.Y. 2006), *aff'd*, 266 F. App'x 31 (2d Cir. 2008). The Court therefore lacks subject matter jurisdiction over any claim under Section 1985 or Section 1986 against the federal government, including Count Two of Ms. Lopez's complaint.

### b. Bank Defendants

As explained above, a plaintiff who wishes to state a claim under Section 1986 must first state a claim under 42 U.S.C. § 1985. *See Powell*, 511 F. Supp. at 704. "Section 1985 of Title

42 provides a remedy for persons injured by a conspiracy to deprive them of equal protection of the laws," thus, to state a claim under Section 1985, the plaintiff must "show some class-based, invidiously discriminatory animus behind the conspirator's actions." *Id.* (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971) (explaining requirements to bring suit under Section 1985)).

To "prove a private conspiracy in violation of [Section 1985] a plaintiff must show," among other requirements, "that some racial or perhaps otherwise class-based, invidiously discriminatory animus lay behind the conspirators' action." *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-68 (internal quotation marks omitted). "A legally sufficient [Section 1985] complaint must [also] aver a conspiracy between two or more persons intended to deprive any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the law and an act by one of the conspirators in furtherance of the conspiracy which injured another person or deprived him of exercising any right or privilege of a citizen of the United States." *Girard v. 94th St. & Fifth Ave. Corp.*, 530 F.2d 66, 70 (2d Cir. 1976) (citing *Griffin*, 403 U.S. at 102-03 (1971)). "It is not sufficient to allege that the private and state defendants merely acted in concert or with a common goal. There must be allegations that the defendants had directed themselves toward an unconstitutional action by virtue of a mutual understanding." *Chance v. Cundy*, No. 3-03-cv-40 (JCH), 2004 U.S. Dist. LEXIS 12191, at *25 (D. Conn. June 25, 2004).

"A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983) (per curiam). Furthermore, the Second Circuit has held that "a claim under [Section 1985] for conspiracy to deny equal protection in violation of the

Fourteenth Amendment is not actionable in the absence of state action." *Edmond v. Hartford Ins. Co.*, 27 F. App'x 51, 53 (2d Cir. 2001) (summary order); *see also Stefanoni v. Darien Little League, Inc.*, 101 F. Supp. 3d 160, 176 (D. Conn. 2015).

Because Ms. Lopez's operative Complaint fails to state a claim under Section 1985, she also cannot state a claim under Section 1986. *See Powell*, 511 F. Supp. at 704. Ms. Lopez makes "only conclusory, vague or general" allegations of collusion between the Defendants in this case, which are not sufficient to state a claim that any of the Bank Defendants conspired to deprive Ms. Lopez of her constitutional rights. *Sommer*, 709 F.2d at 175. Ms. Lopez also fails to allege that any of the Defendants "intended to deprive [her] of the equal protection of the laws or of equal privileges and immunities." *Girard*, 530 F.2d at 70. There is no reference to any alleged "racial or perhaps otherwise class-based, invidiously discriminatory animus" on the part of any of the Defendants. *Bray*, 506 U.S. at 267-68. As stated above with respect to Section 1983 and Count One, there is also no allegation of state action in this case, because the only governmental actors referred to in the complaint are the IRS Defendants, who are federal actors, thus Ms. Lopez's operative Complaint lacks another necessary element of a Section 1985 claim. *See Edmond*, 27 F. App'x at 53 (explaining that state action is necessary to make out Section 1985 claim). Thus, Ms. Lopez does not state a claim under Section 1985, which is required to state a claim under Section 1986, against the Bank Defendants, and Count Two of the Second Amended Complaint must be dismissed.

### C.     Counts Three, Four, and Five: State Law Claims

Counts Three, Four, and Five of Ms. Lopez's Second Amended Complaint allege various common law torts under Connecticut state law, specifically, "slander, defamation of character,

and invasion of privacy," abuse of process and malice, and "intentional infliction of emotional distress and mental anguish," respectively.  Second Amend. Compl. ¶¶ 65-77.

### 1.    IRS Defendants

The Federal Tort Claims Act ("FTCA") waives the federal government's sovereign immunity for most claims arising out of torts committed by federal employees.  *See* 28 U.S.C. § 1346(b)(1).  However, Congress has exempted from this waiver "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty."  28 U.S.C. § 2680(c).  Because Counts Three, Four, and Five all allege claims that arise from the IRS Defendants' actions relating to the assessment and collection of Ms. Lopez's tax liability, all of these Counts are barred by the tax exception to the waiver of sovereign immunity in the FTCA.  *See Clavizzao v. United States*, 706 F. Supp. 2d 342, 347 (S.D.N.Y. 2009) ("Since each of Plaintiffs' many tort claims arise "in respect to the assessment or collection of" taxes, they must be dismissed." (internal citations omitted)).  Thus, there is no "unequivocally expressed" waiver of sovereign immunity allowing Ms. Lopez to bring these common law tort claims against the IRS Defendants, and the Court has no subject matter jurisdiction over such claims.  *See Binder & Binder*, 818 F.3d at 70.

### 2.    Bank Defendants

As explained above, with respect to Ms. Lopez's federal causes of action, and below, with regards to Ms. Lopez's requests for equitable relief, the Second Amended Complaint fails to state a claim for any causes of action under federal law and may therefore be dismissed as to the federal claims under Rule 12(b)(6), leaving only the state law claims.

The Court declines to exercise supplemental jurisdiction over Ms. Lopez's remaining state law claims.  *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim... if ... the district court has dismissed all claims over

which it has original jurisdiction."); *Kolari v. New York–Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir.2006) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims." (internal quotation marks omitted)).  Thus, Counts Three, Four, and Five of the Complaint should also be dismissed as to the Bank Defendants.

### D.      Counts Six and Seven: Equitable Relief

Ms. Lopez also brings what the Court construes as Count Six, a "declaratory relief claim" under 28 U.S.C. § 2201, 28 U.S.C. § 2202 (the "Declaratory Judgment Act"), and Fed. R. Civ. P. 57 and what the Court construes as Count Seven, an "injunctive relief claim" under Fed. R. Civ. P. 65 to prevent the IRS Defendants from taking steps allegedly leading to Ms. Lopez's bank accounts being frozen, in addition to seeking monetary damages.  Second Amend. Compl. ¶¶ 78-90.

#### 1.      IRS Defendants

##### a.      Declaratory Judgment

The Declaratory Judgment Act, 28 U.S.C. § 2201, specifically contains an exception "with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code."  28 U.S.C. § 2201; *see also Black v. United States*, 534 F.2d 524, 527 n. 3 (2d Cir. 1976) (explaining that the 28 U.S.C. § 2201 "contains a specific exception for matters relating to federal taxes").  Thus, "a Court may not declare the rights and other legal relations of interested parties where federal taxes are in issue."  *Lapadula & Villani, Inc. v. United States*, 563 F. Supp. 782, 784 (S.D.N.Y. 1983).  This tax exception to the Declaratory Judgment Act is to be read broadly.  *See Alexander v. Americans United Inc.*, 416 U.S. 752, 759 n. 10 (1974) (stating that tax exception to Declaratory Judgment Act is "at least as broad as the prohibition of

the Anti-Injunction Act" which bars Count Seven as discussed below).  Thus, there is no basis

for this Court granting Ms. Lopez the declaratory relief sought under Count Six.

**b.      Injunctive Relief**

Ms. Lopez's claim for injunctive relief arises from and relates to a tax assessment that the

IRS issued and the IRS's investigation related to that tax assessment.  To the extent that she

seeks injunctive relief against the collection of the tax deficiency that the IRS Defendants have

assessed against her, all of her claims are barred because "[i]n the context of tax assessments and

collections the government's sovereign immunity has been codified by the Anti-Injunction Act"

or 26 U.S.C. § 7421(a).  *Randell v. United States*, 64 F.3d 101, 106 (2d Cir. 1995); *see also* 26

U.S.C. § 7421(a) (stating that except for certain codified exceptions "no suit for the purpose of

restraining the assessment or collection of any tax shall be maintained in any court by any

person, whether or not such person is the person against whom such tax was assessed"); *see also*

*Gavigan v. Comm'r I.R.S.*, No. 3:06-CV-942 (PCD), 2007 WL 1238651, at *9 (D. Conn. Apr.

27, 2007).

The only exception to the Anti-Injunction Act's bar on suits seeking injunctive or

declaratory relief regarding tax assessments requires the taxpayer to show both "(1) that 'it is

clear that under no circumstances could the Government ultimately prevail' on the tax liability

and (2) that 'equity jurisdiction otherwise exists' because the taxpayer would suffer irreparable

injury if collection were effected."  *Randell*, 64 F.3d at 106-07 (quoting *Enochs v. Williams*

*Packing & Nav. Co.*, 370 U.S. 1, 7 (1962)).  In evaluating whether these requirements are met,

"[a] court must 'take the view of the facts that is most liberal to the Commissioner, not to the

taxpayer seeking injunctive relief.'"  *Id.* at 107.  While Ms. Lopez alleges that "ongoing and

irreparable harm" arises from Defendants' alleged actions, Second Amend. Compl. ¶ 85, she has

18

not pled any facts suggesting that it is "clear that under no circumstances could the Government ultimately prevail" regarding her assessed tax liability.  *Randell*, 64 F.3d at 106-07.  Thus, the Court finds that Count Seven of her complaint is barred by the Anti-Injunction Act.

### 2.    Bank Defendants

Because, for the reasons explained above, Ms. Lopez does not have any legally cognizable claims over which this Court will exercise jurisdiction, injunctive and declaratory relief are not available to her.  As a general matter, "the question whether a litigant has a 'cause of action' is analytically distinct and prior to the question of what relief, if any, a litigant may be entitled to receive."  *Franklin v. Gwinnett Cty. Pub. Sch.*, 503 U.S. 60, 69 (1992).  "[T]he finding of a cause of action" is what "authorizes a court to hear a case or controversy," and "the discretion to award appropriate relief involves no . . . increase in judicial power."  *Id.* at 73-74.  Thus, a valid cause of action is required before a Court can grant declaratory, injunctive, or any other relief.

The Declaratory Judgment Act authorizes a Court to grant declaratory judgment, but "creates no cause of action or substantive rights on its own – it merely codifies the principle that every court, with few exceptions, has inherent power to enforce its decrees and to make such order as may be necessary to render them effective."  *Smulley v. Webster Fin. Corp.*, No. 3:15-CV-1383 (JAM), 2016 WL 3211807, at *3 (D. Conn. June 9, 2016) (internal quotation marks omitted).  The Declaratory Judgment Act "gives a district court the discretion to declare the legal rights and other legal relations of any interested party seeking such declaration," but "that discretion does not extend to the declaration of rights that do not exist under law." *Chevron Corp. v. Naranjo*, 667 F.3d 232, 244 (2d Cir. 2012) (internal quotation marks omitted).  As with

"a preliminary injunction, a declaratory judgment relies on a valid legal predicate," a legitimate cause of action. *Id.*

Thus, because as explained above, Ms. Lopez's Second Amended Complaint does not state a claim under any of the federal causes of action that she cites, declaratory and injunctive relief are not available to her in relation to those claims. As is also explained above, this Court declines to exercise supplemental jurisdiction over any of Ms. Lopez's remaining state law claims. The Court therefore has no discretion to award declaratory or injunctive relief in the absence of the necessary "legal predicate" of a legitimate cause of action over which this Court has jurisdiction. *Chevron Corp.*, 667 F.3d at 244.

## IV.    CONCLUSION

For the foregoing reasons, the IRS Defendants' motion to dismiss for lack of subject matter jurisdiction, ECF NO. 18, is **GRANTED**; the Citibank Defendants' motion to dismiss for failure to state a claim, ECF No. 37, is **GRANTED**; the TD Bank Defendants' motion to dismiss for failure to state a claim, ECF No. 44, is **GRANTED**; and Ms. Lopez's motion to strike the IRS Defendants' motion to dismiss, ECF No. 32, is **DENIED**. The Court dismisses Ms. Lopez's Second Amended Complaint *sua sponte* as to all remaining Defendants because it brings frivolous claims. All claims are dismissed with prejudice. Ms. Lopez's motions for a preliminary injunction and an order to show cause, ECF No. 8; ECF No. 10, are, therefore, **DENIED** as moot and the Bank of America Defendants' motion to strike Ms. Lopez's jury demand, ECF No. 27, is also **DENIED** as moot.

The Court notes that, following the appearance of counsel on her behalf, Ms. Lopez has failed to comply with two Court orders dictating that she file an amended complaint by a certain date. ECF No. 57; ECF No. 59. Consistent with the analysis contained in this Order, the Court

finds that, even if given yet another opportunity to amend the complaint, Plaintiff will not be able to state a claim for any of the federal causes of action she alleges.  However Plaintiff wishes to characterize her claims, this dispute, which concerns her entitlement to retain a tax refund from the IRS, may only be brought as a tax refund suit under 28 U.S.C. § 1346, which requires, among other things that the taxpayer (1) first file a claim for a refund or credit with the IRS and (2) provide "full payment of the assessment" to the IRS "before an income tax refund suit can be maintained in a Federal District Court."  *Flora v. United States*, 362 U.S. 145, 177 (1960); *see also United States v. Forma*, 42 F.3d 759, 763 (2d Cir. 1994) (explaining that various "statutory provisions" as well as "the Supreme Court's interpretation of § 1346(a)(1)" provide that taxpayers may only bring "an independent refund suit in the district court" after "first fil[ing] a claim for refund or credit with the IRS to maintain a refund suit" and "full payment of an assessed tax before a taxpayer can invoke the jurisdiction of the district courts for the refund of any portion of such tax").  Thus, any amended complaint would be futile.

Thus, because any additional amendment to the complaint would be futile, dismissal of Ms. Lopez's claims with prejudice is appropriate.  *See Coulter v. Morgan Stanley & Co. Inc.*, 753 F.3d 361, 368 (2d Cir. 2014) ("Finally, Plaintiffs contend that the district court abused its discretion in dismissing their claims with prejudice. We disagree. Plaintiffs have identified no facts that, if alleged, would establish a valid claim. The district court therefore did not abuse its discretion because any amendment . . .  would be futile." (internal citations omitted)).

The Clerk of the Court is directed to enter judgment in favor of the Defendants and to close this case.

SO ORDERED at Bridgeport, Connecticut, this 23rd day of January, 2017.

 /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge